**Oscar Gordy EZEAKU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74960.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2013.

Filed June 13, 2013.

Lori Beth Schoenberg, Law Offices of John R. Perry, Encino, CA, for Petitioner.

Cindy S. Ferrier, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOULD and N.R. SMITH, Circuit Judges, and DU, District Judge.*

MEMORANDUM **

Oscar Gordy Ezeaku petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) decision denying his application for asylum based on timeliness grounds. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

Ezeaku is a Nigerian national of Christian faith. Ezeaku entered the United States in 1981, but did not apply for asylum until July 2005. He argued that he was eligible for asylum based on the changed circumstances of his family members in Nigeria. Specifically, Ezeaku listed specific events which occurred to his family from 2001 through 2005 because of their Christian affiliation and opposition to Sharia law becoming enshrined in the Nigerian constitution. At the time of the IJ's decision and the BIA's affirmance, they did not have the benefit of this court's recent case in *Vahora v. Holder*, which addressed what constituted changed circumstances sufficient to excuse late filing of an asylum application. 641 F.3d 1038, 1042–48 (9th Cir.2011). We therefore grant the petition and remand the matter

---

* The Honorable Miranda Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

back to the BIA for it to reconsider its decision as to whether the events and testimony provided by Ezeaku establish changed circumstances excusing his late filing of an asylum claim. *INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.